UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SAFEWAY INSURANCE COMPANY ) | |
| OF ALABAMA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:23-CV-426-CEA-JEM |
| ) | |
| SHANNON LEE GLASPER, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Referral Order [Doc. 15] by United States District Judge Charles E. Atchley.

This matter is before the undersigned on Plaintiff Safeway Insurance Company of Alabama, Inc.'s Motion for Default Judgment [Doc. 13]. Plaintiff filed suit against Defendant Shannon Lee Glasper for declaratory judgment [Doc. 10]. Plaintiff is an insurance company that issued Policy No. 3836090-TN-PP-001 to Defendant on or about February 13, 2023 [*Id.* ¶¶ 3, 5]. "The policy provided liability coverages and collision coverages in accordance with the policy terms, conditions, definitions, and exclusions" [*Id.* ¶ 6]. "On or about August 7, 2023, [Defendant's] vehicle collided into the rear of a vehicle driven by Steven B. Hickman[;]" Amber N. Hickman and Aunika Hickman were passengers [*Id.* ¶ 7]. "Amber N. Hickman was fatally injured, and Aunika Hickman suffered serious bodily injuries requiring medical attention" [*Id.*]. Among other things, "[Defendant] was charged criminally for driving with his license suspended" [*Id.* ¶ 8]. A claim against the policy was submitted to Plaintiff [*Id.* ¶ 9].

"On December 1, 2023, Steven B. Hickman, as surviving spouse of Amber N. Hickman and parent and guardian of Aunika Hickman . . . filed a complaint in the Circuit Court for Knox

County, Tennessee, seeking compensatory and punitive damages against [Defendant] relating to the death of Amber N. Hickman" [*Id.* ¶ 10]. "On February 15, 2024, Plaintiff issued a reservation of rights letter to [Defendant], informing him of [Plaintiff's] position on coverage issues [under] the policy," including specifically, "that no coverage existed for the allegations contained in the [complaint filed by the Hickmans] . . . due to his unlicensed operation of the vehicle" [*Id.* ¶¶ 12–13].

Plaintiff asserts that the policy does not provide coverage for any liability or claims related to the accident because Defendant was not a covered person under the policy due to his driver's license being suspended [*Id.* ¶¶ 15–33]. Plaintiff asks the Court to "declare that Policy No. 3836090-TN-PP-001 provides no coverage whatsoever to [Defendant] for the injury to, and death of, Aunika Hickman and Amber N. Hickman resulting from the August 7, 2023, automobile accident" nor collision coverage to Defendant in connection with the accident [*Id.* at 9–10]. Further, Plaintiff requests the Court to declare that Defendant was not a "covered person" under the policy at the time of the accident [*Id.* at 10].

Plaintiff served the Complaint on Defendant on February 16, 2024, and served the Amended Complaint on Defendant on March 22, 2024 [Doc. 13-1 ¶ 2]. Defendant did not respond, nor has Defendant sought additional time within which to respond [*Id.*]. Plaintiff submitted an application for Clerk's Default as to Defendant [Doc. 11], and the Clerk entered default on June 5, 2024 [Doc. 12].

Moving under Rule 55 of the Federal Rules of Civil Procedure, Plaintiff now asks the Court to enter judgment against Defendant declaring that:

1. Safeway Policy Number 3836090-TN-PP-001 issued to Glasper ("the Policy") provides no coverage whatsoever to Glasper for the injury to, and death of, Aunika Hickman and Amber N. Hickman resulting from the August 7, 2023, automobile accident.

2

2. Safeway Policy No. 3836090-TN-PP-001 provides no liability coverage whatsoever to Glasper for the allegations and damages sought in the complaint filed by Steven B. Hickman as surviving spouse of Amber N. Hickman and as parent and guardian of Aunika Hickman in the Circuit Court for Knox County, Tennessee, Docket No. 1-341-23 ("the Hickman Complaint.")

3. Safeway has no duty to defend Glasper against the allegations in the Complaint under Policy No. 3833836090-TN-PP-001 because Glasper was a "Non-Covered Person" at the time of the accident that is the subject of the Hickman Complaint and is permitted to withdraw its defense of Glasper against the allegations contained in the Hickman Complaint.

4. Safeway Policy No. 3836090-TN-PP-001 provides no collision coverage whatsoever to Glasper in connection with the August 7, 2023, automobile accident.

5. Glasper was not a "covered person" as defined by the insuring agreement in the policy at the time of the August 2023 auto accident and therefore Safeway has no coverage obligations whatsoever in connection with the accident.

[Doc. 13 ¶¶ 1–5].

Under the Federal Rules of Civil Procedure, there is a "two-step process for obtaining a default judgment against a defendant who has failed to plead or otherwise defend." *Banner Life Ins. Co. v. Columbia State Bank*, No. 3:19-CV-119, 2020 WL 3977635, at *1 (E.D. Tenn. July 14, 2020). "First, pursuant to Rule 55(a), a plaintiff must request from the Clerk of Court an entry of default, describing the particulars of the defendant's failure to plead or otherwise defend." *Id.* If the clerk enters default, then "the plaintiff must then move the Court for entry of default judgment pursuant to Rule 55(b)." *Id.* For declaratory relief, Rule 55(b)(2) governs. Fed. R. Civ. P. 55(b)(2) (providing for relief "[i]n all other cases"); *Keeley v. Grider*, No. 13-CV-1164, 2014 WL 12527690, at *1 (E.D. Ky. Feb. 3, 2014) ("A declaratory judgment could have been entered only by the court–not the clerk–pursuant to Rule 55(b)(2), which states, 'In all other cases, the party must apply to

3

the court for a default judgment.'"). Granting or denying a motion for default judgment is left to "the sound discretion of the court." *In re Irby*, 337 B.R. 293, 294 (Bankr. N.D. Ohio 2005) (citation omitted) (applying Federal Rule of Bankruptcy Procedure 7055, which incorporates Federal Rule of Civil Procedure 55).

"[T]here are both procedural and substantive requirements for entry of a default judgment." *Nutt v. Smart*, No. 1:20-CV-00002, 2021 WL 1015832, at *1 (E.D. Tenn. Feb. 23, 2021) (citation omitted), *report and recommendation adopted*, No. 1:20-CV-2, 2021 WL 1009300 (E.D. Tenn. Mar. 16, 2021). As for the procedural requirements, the party seeking default judgment must establish: (1) that he has properly served the defendant with process; (2) that he has fulfilled the obligations of Rule 55 by seeking entry of default; (3) that he served the defendant with notice at least seven days before a hearing if the defendant has appeared and the Court decides to hold a hearing on damages; (4) that the defendant is not an infant or incompetent person; and (5) that the defendant is not in military service. *Id.* (citations omitted); *see also Disney Enters. v Farmer*, 427 F. Supp. 2d 807, 815 (E.D. Tenn. 2006) (outlining these procedural requirements to obtain a default judgment). Substantively, the Court must then determine whether the facts set forth in the complaint "are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment." *J & J Sports Prods., Inc. v. Rodriguez*, No. 1:08-CV-1350, 2008 WL 5083149, at *1 (N.D. Ohio Nov. 25, 2008) (citation omitted). Once the Clerk has entered default, as here, the Court must take the factual allegations of the complaint as true. *Bogard v. Nat'l Credit Consultants*, No. 1:12-CV-2509, 2013 WL 2209154, at *3 (N.D. Ohio May 20, 2013) (citation omitted).

Plaintiff has satisfied the procedural requirements [*See* Doc. 14 pp. 3–4]. Plaintiff properly served Defendant [Doc. 9]; the Clerk entered default against Defendant on June 5, 2024 [Doc. 12];

there is no reason for the Court to believe that Defendant is an infant or incompetent person, or that he is in military service [*see* Doc. 34 p. 3]; and because Defendant has never entered an appearance in this action, the notice requirement does not apply. *See* Fed. R. Civ. P. 55(b)(2).

The undersigned therefore turns to whether Plaintiff has stated a claim for relief. Plaintiff asserts that it does not have to pay for any bodily injury or property damage, does not have to provide liability coverage to Defendant, and does not have to provide collision coverage related to the accident because Defendant was a "non-covered person" under the Policy [Doc. 10 ¶¶19–23].[1]

Under Part A of the Policy, Plaintiff "will pay for bodily injury and/or property damage for which any covered person, as defined in this part, becomes legally responsible due to an accident" [Doc. 10 ¶ 16 (emphasis omitted)]. A "covered person" under Part A is "[a]ny listed driver as shown in the declarations for the ownership, maintenance, or use of your covered auto unless it is operated by a non-covered person" [*Id.* ¶ 17 (emphasis omitted)]. A "non-covered person" is "[a]ny person who is operating your covered auto, substitute auto, or non-owned auto who is an unlicensed driver or whose driving privileges have been terminated, revoked, or suspended" [*Id.* ¶ 18 (emphasis omitted)]. According to Plaintiff's allegations, which must be taken as true, "[a]t the time of the accident, [Defendant's] driver's license was suspended" [*Id.* ¶ 19]. That makes him a "Non-Covered Person." Because Defendant was a "non-covered person," Plaintiff has no

---

[1] The undersigned utilizes Tennessee law in reviewing the insurance policy. Not only does the Policy provide that "[t]he coverages within this policy are intended to be in full conformity with Tennessee law and statues" [Doc. 10-1 p. 13], this case is before the Court on the basis of diversity jurisdiction, and in such case, the law of Tennessee applies. *State Farm Mut. Auto. Ins. Co. v. Hopson*, No. 119CV01094, 2020 WL 5984812, at *4 (W.D. Tenn. Oct. 8, 2020) (finding that in a diversity jurisdiction case, Tennessee law applied because the insurance "[p]olicy's choice of law clause provides that Tennessee law applies to interpretation of contract provisions and the [p]olicy was issued to a Tennessee resident under Tennessee law"). Under Tennessee law, "a policy for insurance is generally reviewed under contract principles." *Certain Underwriter's at Lloyd's of London v. Transcarriers Inc.*, 107 S.W.3d 496, 499 (Tenn. Ct. App. 2002).

5

duty to provide coverage for bodily injury or property damage arising out of the accident. And for the same reason, Plaintiff has no duty to provide liability coverage to Defendant for the allegations and damages sought in the state-court action or to defend Defendant in the state-court action because the Policy provides liability coverage only to "covered persons" [Doc. 10 ¶ 25; Doc. 10-1 p. 4].

For similar reasons, Plaintiff has no duty to provide collision coverage to Defendant in connection with the accident. Under Part D of the Policy, Plaintiff "will pay for comprehensive and collision loss to your covered auto . . . if the declarations indicate coverage is afforded" [Doc. 10 ¶ 28 (emphasis omitted)]. The policy provides coverage for Defendant's "covered auto," which is "[a]ny private passenger auto shown in the declarations" [*Id.* ¶ 30]. A 2014 Honda Accord Touring is identified in the declarations [Doc. 10-1 p. 14]. At the time of the accident, Defendant was operating this vehicle [Doc. 10 ¶ 31]. Yet, the exclusions state that Plaintiff will not pay for loss or damage "[t]o any auto under Part D while it is being operated, maintained, or used by a non-covered person" [*Id.* ¶ 32 (emphasis omitted)].

For these reasons, the undersigned **RECOMMENDS**[2] that Plaintiff's Motion for Default Judgment [**Doc. 13**] be **GRANTED** and that the District Judge enter judgment against Defendant Shannon Lee Glasper declaring as follows:

1. Safeway Policy Number 3836090-TN-PP-001 issued to Defendant provides no coverage whatsoever to him for the injury to, and death of,

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370 (6th Cir. 1987).

Aunika Hickman and Amber N. Hickman resulting from the August 7, 2023, automobile accident;

2. Safeway Policy No. 3836090-TN-PP-001 provides no liability coverage whatsoever to Defendant for the allegations and damages sought in the complaint filed by Steven B. Hickman as surviving spouse of Amber N. Hickman and as parent and guardian of Aunika Hickman in the Circuit Court for Knox County, Tennessee, Docket No. 1-341-23;

3. Plaintiff has no duty to defend Defendant against the allegations in the Complaint under Policy No. 3833836090-TN-PP-001 because he was a "Non-Covered Person" at the time of the accident that is the subject of the complaint filed by Steven B. Hickman as surviving spouse of Amber N. Hickman and as parent and guardian of Aunika Hickman in the Circuit Court for Knox County, Tennessee, Docket No. 1-341-23, and Plaintiff is permitted to withdraw its defense of Defendant against the allegations contained in complaint;

4. Safeway Policy No. 3836090-TN-PP-001 provides no collision coverage whatsoever to Defendant in connection with the August 7, 2023, automobile accident; and

5. Defendant was not a "covered person" as defined by the insuring agreement in the policy at the time of the August 2023 auto accident and therefore Plaintiff has no coverage obligations whatsoever in connection with the accident.

Respectfully submitted,

_____
Jill E. McCook
United States Magistrate Judge

7

Case 3:23-cv-00426-CEA-JEM   Document 16   Filed 07/15/24   Page 7 of 7   PageID #: 102